United States Court of Appeals
Fifth Circuit

**F I L E D**

April 21, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40438
Conference Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JOHN DAVID STEVENSON,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-1312-ALL
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

    John David Stevenson was found guilty following a bench

trial of possessing in excess of 100 kilograms of marijuana with

intent to distribute it in violation of 21 U.S.C. § 841.

Stevenson urges this court to reconsider the constitutionality of

suspicionless roadblock stops in light of Justice Thomas's

dissent in City of Indianappolis v. Edmond, 531 U.S. 32, 56

(2000) (Thomas, J., dissenting).  He also argues that 21 U.S.C.

§ 841 was rendered facially unconstitutional by Apprendi v. New

------------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

_Jersey_, 530 U.S. 466, 490 (2000).  Stevenson concedes that his arguments are foreclosed, and he raises the issues only to preserve them for possible further review.

A panel of this court cannot overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court.  _Burge v. Parish of St. Tammany_, 187 F.3d 452, 466 (5th Cir. 1999).  No such decision exists.  Accordingly, Stevenson's arguments are indeed foreclosed.  The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.